# EXHIBIT A



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  22SL-CC02131 |
|---|---|
| Plaintiff/Petitioner:<br>NICHOLAS BRUNTS | Plaintiff's/Petitioner's Attorney/Address:<br>DANIEL FRANCIS HARVATH<br>PO Box 440393<br>ST LOUIS, MO  63144 |
| vs. | |
| Defendant/Respondent:<br>HORNELL BREWING CO., INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   HORNELL BREWING CO., INC.
                                          Alias:

C/O MARTIN CUNNINGHAM
60 CROSSWAYS DR. W SUITE 400
WOODBURY, NY  11797

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in this action.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>06-MAY-2022</u>
**Date**
**Further Information:**
**AD**

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person at least 18 years of age residing therein.

    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other (describe) _____ .
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
_(Seal)_                ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                      (use for out-of-state officer)
                   ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | | | |
|---|---|---|---|
| Summons | $ | | |
| Non Est | $ | | |
| Mileage | $ | (_____ miles @ $ _____ per mile) | |
| **Total** | $ | | |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process;  (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**22SL-CC02131**

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

IN THE ST. LOUIS COUNTY CIRCUIT COURT
STATE OF MISSOURI

|  |  |  |
|---|---|---|
| NICHOLAS BRUNTS, *individually and on behalf of all others similarly situated,* | ) ) ) ) | Case No. _____ |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | **JURY TRIAL DEMANDED** |
| v. | ) |  |
|  | ) |  |
| HORNELL BREWING CO., INC., and DOES 1 through 10, | ) ) | |
|  | ) |  |
| Defendants. | ) |  |

## CLASS ACTION PETITION

Plaintiff Nicholas Brunts, individually and on behalf of all similarly-situated Missouri citizens, hereby files this, his Class Action Petition, against Defendant Hornell Brewing Co., and DOES 1 through 10 (collectively "Defendants") for their false, misleading, and deceptive marketing of their products in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA"), and constituting breach of warranty, breach of implied contract, and unjust enrichment under Missouri law.

## I.  INTRODUCTION

1.      Defendant falsely labels and advertises certain of its AriZona beverage products as being "All Natural," when, in reality, they contain added coloring, including but not limited to "beta carotene," "fruit and vegetable juices," "annatto," and "vegetable juice."  The purportedly "All Natural" AriZona beverages are collectively referred to herein as the "Products".[1]

2.      The prominent label "ALL NATURAL" is depicted on the front of each Products'

---

[1] The term "Products" encompasses Defendant's AriZona Kiwi Strawberry Fruit Juice Cocktail, Lemonade Fruit Juice Cocktail, Mucho Mango Fruit Juice Cocktail, Fruit Punch Fruit Juice Cocktail, Orangeade, Grapeade, Lemonade Drink Mix, Golden Bear Strawberry Lemonade, and Rx Energy Herbal Tonic product. *See* photos of Products, *infra.*

1

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

container, and serves to mislead consumers into believing the Products are entirely natural when they are in fact not.

3.      Plaintiff brings this class action lawsuit on behalf of all purchasers of the Products within the State of Missouri, during the last five years.

4.      Plaintiff brings this class action against Defendant, who is among the United States' leading producers of beverage products. Defendant has realized that, based on the public's concern about natural and healthy foods, there is a financial benefit to be derived in selling products claiming to be natural. Accordingly, Defendant deceptively labels the Products as "All Natural," even though the Products contain added coloring, all in violation of Missouri and federal advertising laws.

5.      Pursuant to the MMPA, such practice is illegal.

6.      In addition to and/or in the alternative to the above, since the initial offering of the Products, each and every container of the Products has borne a uniformly-worded label falsely claiming the Product is "ALL NATURAL."   That uniformly-worded false statement gives rise to additional and/or alternative claims under Missouri law.

## II.    PARTIES, JURISDICTION, AND VENUE

7.      Plaintiff Nicholas Brunts is a citizen and resident of St. Louis County, Missouri.

8.      Plaintiff brings this Class Action Petition individually and on behalf of a putative class of Missouri citizens, and only Missouri citizens.

9.      Defendant Hornell Brewing Co., ("Hornell") is a New York Corporation that has its principal place of business at 60 Crossways Drive W., St. 400, Woodbury, New York 11797.

10.     Defendant Hornell, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of Missouri.  Hornell is the owner, manufacturer, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive packaging of the Products.

2

Electronically Filed - St. Louis County - April 08, 2022 - 03:48 PM

11.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  If necessary, Plaintiff will seek leave of Court to amend the Petition to reflect the true names and capacities of the DOE Defendants when such identities become known.

12.     Venue is proper in this Court because Plaintiff was injured in this venue and lives within this venue.

13.     This asserted class action comports with Missouri Supreme Court Rule 52.08 and with R.S.Mo. § 407.025(3) of the MMPA.  Plaintiffs' identities can be ascertained from Defendant's records, but are so numerous that simple joinder of all individuals is impracticable.  This action raises questions of law and fact common among Plaintiffs.  The claims of lead Plaintiff is typical of all Plaintiffs' claims. Named Plaintiff will fairly and adequately protect all Plaintiffs' interests, and is represented by attorneys qualified to pursue this action. More specifically:

14.     <u>Class definitions</u>:  Plaintiff Nicholas Brunts brings this action on behalf of himself and a class of similarly-situated Missouri citizens preliminarily-[2]defined as follows: All Missouri citizens who purchased the Products[3] during the Class Period in Missouri.  The Class Period begins five years prior to the date of the filing of this Petition, and ceases upon the date of the filing of this Petition.  Excluded from the Class and Subclass are: (a) any judges presiding over this action and members of their staffs and families; (b) the Defendants and their subsidiaries, parents, successors, and predecessors; any entity in which the Defendants or their parents have a controlling interest; and the Defendants' current or former officers and directors; (c) employees (i) who have or had a managerial responsibility on behalf of the organization, (ii) whose act or omission in connection with this matter may be imputed to the

---

[2] Plaintiff reserves the right to propose, as needed, any different or other more- or less-specific class, classes, subclass, or subclasses as Plaintiff deems appropriate for purposes of class certification.
[3] As that term and label is defined herein.

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

organization for liability purposes, or (iii) whose statements may constitute an admission on the part of the Defendants; (d) persons who properly execute and file a timely request for exclusion from the class; (e) the attorneys working on the Plaintiffs' claims; (f) the legal representatives, successors, or assigns of any such excluded persons; and (g) any individual who assisted or supported the wrongful acts delineated herein.

15.     Numerosity:  Upon information and belief, the Class and Subclass includes thousands of individuals on a statewide basis, making their individual joinder impracticable.   Although the exact number of Class members and their addresses are presently unknown to Plaintiff, they are ascertainable from Defendants' records.

16.     Typicality: Plaintiff's claims are typical of those of the Class because all Plaintiffs were injured by the Defendants' uniform wrongful conduct, specifically, using misleading and deceptive marketing and advertising in offering and selling the Products to Plaintiffs.

17.     Adequacy:  Plaintiff Brunts is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent and experienced counsel, and he intends to prosecute this action vigorously.  The interests of the Class will be protected fairly and adequately by Plaintiff and his counsel.

18.     Commonality:  Common questions of law and fact exist as to all Class members and predominate over any questions affecting only individual members, such as: (a) whether the Defendant used deceptive or misleading marketing and advertising in selling the Products; (b) whether and to what extent the Class members were injured by Defendant's illegal conduct; (c) whether the Class members are entitled to compensatory damages; (d) whether the Class members are entitled to declaratory relief; and (e) whether the Class members are entitled to injunctive relief.

19.     Superiority:  This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy.  The

4

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's wrongful conduct.  Thus, it would be extremely difficult for the individual Class members to obtain effective relief.  A class action presents far fewer management difficulties and provides the benefits of a single adjudication, including economies of time, effort, and expense, and uniformity of decisions.

### III.   <u>BACKGROUND</u>

20.     Defendant Hornell manufactures, distributes, and/or sells the "Products" – AriZona beverage products, including but not limited to, AriZona Kiwi Strawberry Fruit Juice Cocktail, Lemonade Fruit Juice Cocktail, Mucho Mango Fruit Juice Cocktail, Fruit Punch Fruit Juice Cocktail, Orangeade, Grapeade, Lemonade Drink Mix, Golden Bear Strawberry Lemonade, and Rx Energy Herbal Tonic, all of which Defendant labels as being "All Natural."

21.     Examples of the Products' packaging are as follows:



a.

5

Electronically Filed - St. Louis County - April 08, 2022 - 03:48 PM



22.     As shown, the Products, regardless of flavor or color of packaging, uniformly claim to be

"ALL NATURAL." (magnified label examples, *infra*):



a.

b.

23.     The "ALL NATURAL" label is a key selling point for the Products.

6

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

24.     Up to 70% of consumers say they're willing to pay a premium for food products in the natural, ethical, enhanced or "less of…" categories.[4]  Other studies show that consumers are willing to pay more for all natural products because of the association with a healthy and organic diet, with as high as 88% of Americans reporting they are willing to pay more for healthier foods.[5]

25.     By representing the Products to be "All Natural," Defendant is capitalizing on consumers' preference for food items with no artificial additives.

26.     In reality, however, the Products cannot be labeled as "All Natural" because they contain added coloring.  The specific food coloring agents in the Products are "vegetable juice," "fruit and vegetable juices," "annatto," and "beta carotene."

27.     Consequently, Defendants' practice of capitalizing on consumers' preferences for healthier products is deceptive and misleading.  This deception continues today, as consumers continue to purchase the Products under the mistaken belief that they are all natural based on Defendant's false, deceptive, and misleading label claims of "All Natural."

28.     Plaintiff and other consumer of the Products made their purchase decisions in reliance upon Defendants' advertised claims that the Products are "All Natural."

29.     By falsely labeling the Products as being "All Natural," Defendant Hornell has profited from consumers' preference for food products that are perceived to be healthier and made free from any added coloring.

---

[4] See Consumer Health Claims 3.0 The Next Generation of Mindful Food Consumption, available at https://www.lek.com/insights/ei/next-generation-mindful-food-consumption (last visited April 18, 2022).

[5] See Global Health and Wellness Report 2015, NIELSON, https://www.nielsen.com/wp-content/uploads/sites/3/2019/04/Nielsen20Global20Health20and20Wellness20Report20-20January202015-1.pdf (last visited April 18, 2022).

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

***Defendant's False and Misleading "All Natural" Label Claim***

30.      The Food and Drug Administration ("FDA") does not regard foods with added coloring as natural, no matter the source of the coloring agent. According to their guidelines, they "have considered 'natural' to mean that nothing artificial or synthetic (including colors regardless of source) is included in, or has been added to, the product that would not normally be expected to be there (56 FR 60421 at 60466)."[6]

31.      In response to citizen petitions and consumer requests, the FDA recently announced the establishment of a docket to receive information and comments on the use of the term "natural" in the labeling of human food products to determine whether a definition of "natural" should be established.

32.      Among the 7,687 public comments received by the FDA, not one comment from the public stated that "natural" should be allowed in food labeling if color is added to a food; rather, hundreds of comments stated "natural" should only be used for foods which are free from added coloring. Some representative examples include:

> a.  "When I see the word 'Natural' on packaging, I expect the contents to have only ingredients as they are found in nature. No chemicals, no coloring, no flavoring, no GMO's." (Comment from Kristine Milochik. Posted 02/23/2016).

> b.  "I think the term 'Natural' should be banned from food labeling. It is too ambiguous! It should be removed from all descriptors, including: Natural Flavor, Natural colors, All Natural and so on. I think for the interest of transparency all food ingredients should be simply labeled. The consumer has the right to know what they are eating or drinking." (Comment from Daniel

---

[6] Leslie Kux, *FDA Rulemaking Re Term Natural,* 12 November 2015 https://www.federalregister.gov/documents/2015/11/12/2015-28779/use-of-the-term-natural-in-the-labeling-of-human-food-products-request-for-information-and-comments, (last visited April 1, 2022).

Kinkelaar. Posted 08/26/2016).

c.   "I firmly believe that consumers should be made aware of what they are purchasing when shopping for food and too many times companies are fooling the public by using the word 'Natural' when in fact it is not. When I see the word Natural on a food product, I consider this to mean that it is free from all additives, GMOs, Preservatives, Drugs, or colors. It is in its natural state. I would like to see the FDA put more stringent requirements on companies who wish to use this term in their products." (Comment from Artemis Hader. Posted on 02/18/2016)

d.   "The term 'Natural' should only appear on foods that are organic without any preservatives or man-made chemicals. The food should be GMO-free and contain no added colors, flavors, or synthetic substances. If a food product fails to meet any of these requirements, then it should not be allowed to have the label 'Natural' on it." (Comment from Sara Burr. Posted on 03/16/2016)

e.   "Natural should indeed mean no preservatives, additives, GMO's and or flavor or color enhancers…" (Comment from Roy Collicutt. Posted on 03/15/2016).

33.   To date, the FDA has not announced its decision to further define or regulate the term "natural" in food labeling.

34.   The "All Natural" label is prominently and conspicuously printed on the front of the Products. But the added coloring agents in the Products render the "All Natural" label claims false. The added coloring agents, regardless of their source, are not ingredients consumers would normally expect to be included in products that are labeled as "All Natural."

35.   There are market incentives for companies to label their products as "natural." According to a national representative survey, more than half of consumers look for products with a "natural" food

9

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

label, often under "the false belief that they're produced without...artificial ingredients."[7] As stated *supra*, the FDA considers "natural" to be defined as a product that includes nothing artificial "including colors *regardless of source*" [emphasis added].[8]  The process by which naturally-sourced food coloring is added to products alters their status and renders them as no longer "natural."   Therefore, the reasonable consumer will pay a price premium for products with an "All Natural" label because they believe these products are safer, more nutritious, or otherwise have different attributes than products that do not have the label, all things being equal. These factors influenced Defendant to deceptively label their products as "All Natural" to give themselves a market advantage.

36.    Reasonable consumers do not expect a product prominently labeled as "All Natural" to have added coloring. The Products' labels are deceptive and misleading in violation of the Missouri Merchandising Practice Act, and various other Missouri laws.

37.    Reasonable consumers such as Plaintiff do not have specialized knowledge necessary to identify ingredients in the Products as being inconsistent with Defendant's advertised claim of being "All Natural."

38.    Defendant knows that consumers are willing to pay more for foods that are labeled "All Natural" because they perceive it to be a healthier alternative to similar products without any added coloring, and advertises the Products with the intention that consumers rely on the representation made on the front of the Products' packaging made in all capital letters with prominent bold font "All Natural."

39.    Plaintiff and other consumers purchased the Products due to their belief that the Products are safer, more nutritious, or otherwise have different attributes than do products that do not have the

---

[7] Andrea Rock, "Peeling Back the 'Natural' Food Label." *Consumer Reports,* 27 January 2016. https://consumerreports.org/food-safety/peeling-back-the-natural-food-label/    (last visited April 1, 2022).

[8] Leslie Kux, *supra* n. 5.

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

"All Natural" labels.

40.     Plaintiff and the Class made their purchasing decisions in reliance upon Defendant's advertised claims that that Products are "All Natural."

41.     Plaintiff and the Class reasonably and detrimentally relied upon the Products' front labels indicating that the Products are "All Natural."

42.     Plaintiff and the Class would not have purchased the Products had they known that the Products contained ingredients that were added for coloring, thus rendering the Products no longer as being "All Natural."

43.     Defendant's conduct threatens Missouri consumers by using false, deceptive, and misleading labels. Defendant's conduct also threatens other companies, large and small, who "play by the rules." Defendant's conduct stifles competition, has a negative impact on the marketplace, and reduces consumer choice.

44.     There is no practical reason for the false or misleading labeling and advertising of the Products, other than to mislead consumers as to the actual ingredients of the Products being purchased by consumers while simultaneously providing Defendant with a financial windfall as a result of money saved from lower supply costs.

### *Allegations Relating to All Plaintiffs*

45.     As noted, *supra,* since the initial offering of the Products, each and every container of the Products has borne one or more uniformly-worded labels falsely claiming the Product is "ALL NATURAL" (hereinafter "False Claims").

46.     In reality, for all the reasons set forth *supra,* a reasonable consumer would find that the False Claims are false, misleading, unfair, and/or deceptive.

47.     Defendant, as developer, manufacturer, and exclusive seller and distributor of the Products, has been aware since the Products' inception, that the False Claims are in fact false.

11

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

48.     Indeed, Defendant undoubtedly did its own investigation of the Products and its marketplace prior to it being offered for sale and, of necessity, such investigation would have made Defendant aware that the False Claims are in fact false.

49.     Despite this, Defendants purposely made the False Claims in order to induce the false belief in consumers that they were purchasing a product that was indeed "All Natural."

50.     Plaintiff and the class members purchased the Products with being aware that the Products are not, in fact, "All Natural."

51.     Defendant possessed specialized knowledge regarding the data and information concerning the formula of the Products and its clams.

52.     In fact, in regard to the False Claims, the Product is a credence good because its purported "All Natural" label cannot be independently verified by the consumer at the time of purchase.

53.     In purchasing the Products, Plaintiff and the class members had no choice but to necessarily and justifiably rely upon the False Claims as accurate.

54.     Had Plaintiffs known that the False Claims were false, Plaintiffs would not have purchased the Product or would not have paid as much for the Products.

55.     If, at some point in the future, the Product was improved to actually be "All Natural" Plaintiffs might then purchase the Products again.

56.     As the direct and proximate result of the False Claims, Plaintiff and the class members have suffered economic injury by being deprived of the benefit of the bargain they were promised by Defendant.

57.     By marketing, selling and distributing the Product to purchasers in Missouri, Defendant made actionable statements that the Products were not "All Natural," but at all times failed to disclose that the Product was not in fact "All Natural."

58.     Defendant engaged in the above-described actionable statements, omissions and

12

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

concealments with knowledge that the representations were false and/or misleading, and with the intent that consumers rely upon such concealment, suppression and omissions.

59.     Alternatively, Defendant was reckless in not knowing that the False Claims were false and misleading at the time they were made.

60.     As the distributor, marketer, producer, manufacturer, and seller of the Products, Defendant possessed specialized knowledge regarding the data and information concerning the chemical formula of the Products which the Plaintiff and the class members could not and did not review.

61.     All of Plaintiffs' claims are based on misleading statements that violate FDA regulations. Such claims do not seek to impose any additional or different obligations beyond those already required by such FDA regulations.

*Facts Particular to Plaintiff Nicholas Brunts*

62.     In or around April of 2022, Plaintiff purchased one of the Products from a third-party retailer while in Missouri.

63.     Due to the claims on the packaging, Plaintiff falsely believed he was purchasing a product that was "All Natural."

64.     Plaintiff thereafter purchased the Product.  He purchased the Product primarily for his personal, family and household use, and personally used the Product (by ingesting it).

65.     At the time he purchased the Product, Plaintiff was unaware of the falsity of the Products' claims.

66.     He discovered that such claims were false shortly after purchasing and ingesting the Product in April.

67.     If Plaintiff had been aware of the falsity and misleading nature of Defendant's claims regarding the Product, he would not have bought the Product.

68.     When Plaintiff purchased the Product, he was injured by Defendant's illegally deceptive,

13

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

false, and misleading conduct in marketing and selling the Product.

69.     Specifically, Plaintiff suffered an ascertainable loss because he did not receive the expected benefit of his bargain.

70.     When Plaintiff was purchasing the Product, due to the false claims upon the Product, Plaintiff believed that he was receiving a product that was, in fact, "All Natural."  The Product did not do what Plaintiff bargained for, however; because it was not all natural.

71.     The Product was not what it was purported to be.  Plaintiff did not receive the value of what he bargained for; instead Plaintiff received a product that did not live up to its most-prominently advertised benefit.

72.     Consequently, Plaintiff was damaged in the amount of the difference between the cost paid for the Product as represented – as one that was "All Natural," and the actual value of the products. Said difference would therefore be a percentage of the price paid for the Product.

73.     Although the aforementioned facts apply to named Plaintiff, for purposes of the proposed Class, all that is relevant is that Plaintiff and the class members, Missouri citizens, purchased the Product at a time within the Class Period while in Missouri.

## CAUSES OF ACTION

### COUNTS RELATING TO THE MISSOURI CLASS

**COUNT ONE: BREACH OF WARRANTY UNDER MISSOURI LAW**

74.     Plaintiff hereby incorporates by reference and re-alleges each allegation set forth in each preceding paragraph of this Class Action Petition.

75.     Defendant sold the Product in its regular course of business.  Plaintiff and the class members purchased the Product.

76.     Defendant made promises and representations in an express warranty provided to all consumers, namely the False Claims.

14

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

77.     The False Claims became the basis of the bargain between the Defendant and Plaintiff and each class member.

78.     Defendant gave these express warranties to Plaintiff and each class member in written form on the labels of the Product.

79.     Defendant's written affirmations of fact, promises, and/or descriptions as alleged are each a written warranty under Missouri law.

80.     Defendant breached the warranty because the False Claims were false – the Product in fact contains no creatine.

81.     The False Claims were false when the sales took place and were undiscoverable to Plaintiff and the class members at the time of purchase.

82.     All conditions precedent to seeking liability under this claim for breach of express warranty have been performed by or on behalf of Plaintiff and the class in terms of paying for the Product.

83.     Defendant had actual notice of the false labeling information and to date has taken no action to remedy its breach of express and implied warranty.

84.     Specifically, on April 4, 2022, counsel for Plaintiff provided written NOTICE of Defendant's breach of express warranty to Defendant.  Defendant has not meaningfully responded, and has taken no action to remedy its breach of express and implied warranty.

85.     In addition, Defendant previously knew or should have known of the falsity of the False Claims on the Product due to, *inter alia,* Defendant's testing and knowledge of the Product.

86.     Defendant has nonetheless refused to remedy such breaches.

87.     By placing the Product in the stream of commerce, and by operation of law and the facts alleged herein, Defendants also impliedly warrantied to Plaintiff and the class members that the Products were accurately labeled in conformance with the law.

15

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

88.     Defendant's breaches of warranty have caused Plaintiffs and class members to suffer injuries, paying for falsely labeled products, and entering into transactions they otherwise would not have entered into for the consideration paid.  As a direct and proximate result of Defendant's breaches of warranty, Plaintiff and class members have suffered damages and continue to suffer damages.

89.     As a result of Defendant's breach of these warranties, Plaintiff and class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relied as deemed appropriate, in an amount sufficient to compensate them for not receiving the benefit of their bargain.

## COUNT TWO: BREACH OF IMPLIED CONTRACT UNDER MISSOURI LAW

90.     Plaintiff repeats and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

91.     By operation of law, there existed an implied contract for the sale of the Product between Defendant and Plaintiff and each class member who purchased the Product.

92.     By operation of Missouri law, there existed an implied duty of good faith and fair dealing in each such contract.

93.     By the acts alleged herein, Defendant has violated that duty of good faith and fair dealing, thereby breaching the implied contract between Defendant and each class member.

94.     As a result of that breach, Plaintiff and each class member suffered damages.

## COUNT THREE: UNJUST ENRICHMENT UNDER MISSOURI LAW

95.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

96.     Plaintiffs plead their claim for relief in the alternative to the contract claims set forth above.

97.     Plaintiff and the class members have conferred substantial benefits on Defendant by

16

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

purchasing the Product, and Defendant has knowingly and willfully accepted and enjoyed those benefits.

98.     Defendant either knew or should have known that the payments rendered by Plaintiff and the class members were given and received with the expectation that the Product would be as represented and warranted.  For Defendant to retain the benefit of the payments under these circumstances is inequitable.

99.     Through deliberate misrepresentations or omissions in connection with the advertising, marketing, promotion, and sale of the Products, including the False Claims, Defendant reaped benefits, which result in Defendant wrongfully receiving profits.

100.     Equity demands disgorgement of Defendant's ill-gotten gains.  Defendant will be unjustly enriched unless Defendant is ordered to disgorge the unjustly obtained portion of profits for the benefit of Plaintiff and the class members.

101.     As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiffs and the class members are entitled to restitution from Defendant and institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant through this inequitable conduct.

**COUNT FOUR: VIOLATION OF THE MMPA – Misleading, False, and Deceptive Marketing**

102.     Plaintiff hereby incorporates by reference and re-alleges each allegation set forth in each preceding paragraph of this Class Action Petition, as though fully set forth herein.

103.     Defendant's acts complained of herein occurred in and emanated from the State of Missouri.

104.     Plaintiff and all members of the Class are "persons" and the Products are "merchandise" as those terms are defined under the MMPA.

105.     As set out in this Petition, Defendant's marketing of the Product constitutes deception, false pretense, misrepresentation, unfair practice, or, at a minimum, the concealment, suppression, or

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

omission of a material fact in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA").

106.     As a result of Defendant's actions, consumers, including Plaintiff, were misled or deceived that the Product they were purchasing was "All Natural."

107.     Defendant's deceptive acts caused Plaintiff and the Class Members an ascertainable loss within the meaning of the MMPA.  In particular, Plaintiff and the class paid for a Product that was not, in fact, "All Natural."

108.     Due to Defendant's illegal conduct, Plaintiffs are entitled to restitution of all funds improperly obtained by Defendants.

109.     Plaintiffs have been forced to hire attorneys to enforce their rights under the MMPA.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for an order certifying this action as a Missouri class action and appointing Plaintiff Nicholas Brunts as Class representative and his counsel as class counsel.  Plaintiff requests that this court find that the Defendant is liable pursuant to the aforementioned Missouri common law claims; and/or violated the MMPA, and award Plaintiffs compensatory damages, restitution, and attorneys' fees, and such further relief as the Court deems just, including injunctive relief. Although aggregate damages derived from just a percentage of the Product cost certainly will not exceed five million dollars ($5,000,000.00), nonetheless **PLAINTIFF, ON BEHALF OF HIMSELF AND THE PURPORTED CLASS, HEREBY DISCLAIMS AND/OR ABANDONS ANY AND ALL RECOVERY EXCEEDING FIVE MILLION DOLLARS ($5,000,000.00).  Plaintiff and his counsel further stipulate as set forth in <u>Exhibit A</u>, hereto.**

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

Respectfully submitted,

**DANIEL F. HARVATH, ESQ.**

By: /s/ *Daniel F. Harvath*
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

19

**22SL-CC02131**

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

**IN THE ST. LOUIS COUNTY CIRCUIT COURT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **NICHOLAS BRUNTS,** | ) | **Case No. _____** |
| *individually and on behalf of* | ) | |
| *all others similarly situated,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | |
| **HORNELL BREWING CO., INC., and** | ) | |
| **DOES 1 through 10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF AND COUNSEL'S STIPULATION REGARDING RECOVERABLE DAMAGES

Plaintiff, Nicholas Brunts, individually through counsel, and Plaintiff's counsel, Daniel Harvath, as counsel in this lawsuit ("Action"), hereby jointly stipulate and affirm the following:

- Plaintiffs will not recover, and completely disclaim recovery of, any combination of damages and/or attorneys' fees related to this Action meeting or exceeding $5,000,000.00;

- If Plaintiff, Nicholas Brunts, is replaced as named representative in this Action, Plaintiffs' counsel stipulates and affirms and covenants that any and all potential class representatives for this Action must similarly stipulate and affirm the above limitation of recovery;

- Plaintiff and counsel intend for this Stipulation to continue to apply to, and bind, any other class members bringing any claim in this specific Action.

For Plaintiff and Plaintiff's Counsel:

By: */s/ Daniel F. Harvath*
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

1

EXHIBIT A

**22SL-CC02131**

Electronically Filed - St Louis County - April 08, 2022 - 03:48 PM

IN THE ST. LOUIS COUNTY CIRCUIT COURT
STATE OF MISSOURI

| | |
|---|---|
| NICHOLAS BRUNTS, *individually and on behalf of all others similarly situated,* | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HORNELL BREWING CO., INC., and DOES 1 through 10, | ) ) ) |
| Defendants. | ) ) |

Case No. _____

**JURY TRIAL DEMANDED**

**REQUEST FOR ISSUANCE OF SUMMONS AND**
**APPOINTMENT OF PROCESS SERVER**

Plaintiffs herein request the Issuance of Summons for Defendant <u>HORNELL BREWING CO</u>   and that

the Circuit Clerk appoint:

(A qualified agent of) **Evolution Process Service**

**5335 N Tacoma Ave. Suite 5, Indianapolis, IN 46220**

Natural person(s) of lawful age, to serve the summons and petition in this cause on the below-named party:

**HORNELL BREWING CO.**
**c/o Martin Cunningham**
60 Crossways Drive W., St. 400, Woodbury, New York 11797

Respectfully submitted,

By: <u>*/s/ Daniel F. Harvath*</u>
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

1

Electronically Filed - St Louis County - April 11, 2022 - 03:26 PM

**In the**

# CIRCUIT COURT
**City of St. Louis, Missouri**

NICHOLAS BRUNTS
_____
Plaintiff/Petitioner

vs.

HORNELL BREWING CO., INC.
_____
Defendant/Respondent

⌐                              ¬

For File Stamp Only

∟                              ⌟

April 11, 2022
_____
Date

22SL-CC02131
_____
Case number

17
_____
Division

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now <u>PLAINTIFF NICHOLAS BRUNTS                                   </u>, pursuant
                                Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of
<u>Joe Horton/ an agent of Evolution Process Srvs   5333 N. Tacoma, Indianapolis, IN 46220 317-362-0316</u>
Name of Process Server                    Address                                      Telephone

_____
Name of Process Server                    Address                                      Telephone

_____
Name of Process Server                    Address                                      Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                              SERVE:
Hornell Brewing Company, Inc.
_____        _____
Name                                                Name
60 Crossways Drive W., Suite 400
_____        _____
Address                                             Address
Woodbury, NY 11797
_____        _____
City/State/Zip                                      City/State/Zip

SERVE:                                              SERVE:

_____        _____
Name                                                Name

_____        _____
Address                                             Address

_____        _____
City/State/Zip                                      City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
       Deputy Clerk

_____
Date

Daniel F. Harvath
_____
Attorney/Plaintiff/Petitioner
MO #57599
_____
Bar No.
75 W. Lockwood, Webster Groves, MO 63119
_____
Address
(314) 550-3717
_____
Phone No.

Electronically Filed - St Louis County - April 11, 2022 - 03:26 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers. Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license. No other identification will be allowed. All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers. The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - St. Louis County - April 11, 2022 - 03:26 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - St Louis County - April 12, 2022 - 12:37 PM

**In the**

# CIRCUIT COURT

**City of St. Louis, Missouri**

NICHOLAS BRUNTS
_____
Plaintiff/Petitioner

vs.

HORNELL BREWING CO., INC.
_____
Defendant/Respondent

For File Stamp Only

April 12, 2022
_____
Date

22SL-CC02131
_____
Case number

17
_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now PLAINTIFF NICHOLAS BRUNTS_____, pursuant
                    Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of
Joshua Lee of Evolution Process Srvs     5333 N. Tacoma, Indianapolis, IN 46220 317-362-0316
_____     _____     _____
Name of Process Server          Address                          Telephone

_____     _____     _____
Name of Process Server          Address                          Telephone

_____     _____     _____
Name of Process Server          Address                          Telephone
to serve the summons and petition in this cause on the below named parties.

SERVE:
Hornell Brewing Company, Inc.
_____
Name
60 Crossways Drive W., Suite 400
_____
Address
Woodbury, NY 11797
_____
City/State/Zip

SERVE:
_____
Name

_____
Address

_____
City/State/Zip

SERVE:
_____
Name

_____
Address

_____
City/State/Zip

SERVE:
_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
     Deputy Clerk

_____
Date

Daniel F. Harvath
_____
Attorney/Plaintiff/Petitioner
MO #57599
_____
Bar No.
75 W. Lockwood, Webster Groves, MO 63119
_____
Address
(314) 550-3717
_____
Phone No.

Electronically Filed - St Louis County - April 12, 2022 - 12:37 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - St Louis County - April 12, 2022 - 12:37 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - St Louis County - April 20, 2022 - 01:25 PM

**In the**

# CIRCUIT COURT

**City of St. Louis, Missouri**

NICHOLAS BRUNTS
_____
Plaintiff/Petitioner

April 20, 2022
_____
Date

vs.

22SL-CC02131
_____
Case number

HORNELL BREWING CO., INC.
_____
Defendant/Respondent

17
_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now PLAINTIFF NICHOLAS BRUNTS _____, pursuant
                    Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Joshua Lee of Evolution Process Srvs      5333 N. Tacoma, Indianapolis, IN 46220 317-362-0316
_____      _____      _____
Name of Process Server                    Address                               Telephone

_____      _____      _____
Name of Process Server                    Address                               Telephone

_____      _____      _____
Name of Process Server                    Address                               Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                    SERVE:
Hornell Brewing Company, Inc.
_____      _____
Name                                      Name
60 Crossways Drive W., Suite 400
_____      _____
Address                                   Address
Woodbury, NY 11797
_____      _____
City/State/Zip                            City/State/Zip

SERVE:                                    SERVE:

_____      _____
Name                                      Name

_____      _____
Address                                   Address

_____      _____
City/State/Zip                            City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

/S/ Daniel F. Harvath
_____
Attorney/Plaintiff/Petitioner
MO #57599
By_____      _____
          Deputy Clerk                    Bar No.
                                          75 W. Lockwood, Webster Groves, MO 63119
                                          _____
_____      Address
Date                                      (314) 550-3717
                                          _____
                                          Phone No.

Electronically Filed - St Louis County - April 20, 2022 - 01:25 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - St Louis County - April 20, 2022 - 01:25 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - St Louis County - May 05, 2022 - 02:26 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri



__NICHOLAS BRUNTS__
Plaintiff/Petitioner

vs.

_HORNELL BREWING CO., INC._
Defendant/Respondent

__May 5, 2022__
Date

__22SL-CC02131__
Case Number

__17__
Division

For File Stamp Only

## __REQUEST FOR APPOINTMENT OF PROCESS SERVER__

Comes now _PLAINTIFF NICHOLAS BRUNTS_____, pursuant
                                 Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Joshua Lee/ Agent of Evolution Process Srvs   5333 N. Tacoma, Indianapolis, IN 46220 317-362-0316_
Name of Process Server                              Address                         Telephone

Name of Process Server                      Address or in the Alternative               Telephone

Name of Process Server                      Address or in the Alternative               Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
_Hornell Brewing Company, Inc.___
Name
_60 Crossways Drive W., Suite 400___
Address
_Woodbury, NY 11797___
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
    Deputy Clerk

_____
Date

_/S/ Daniel F. Harvath_____
Signature of Attorney/Plaintiff/Petitioner
_MO #57599___
Bar No.
_75 W. Lockwood, Webster Groves, M0 63119_
Address
_(314) 550-3717___
Phone No.                                 Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - May 05, 2022 - 02:26 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - May 05, 2022 - 02:26 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

NICHOLAS BRUNTS
Plaintiff/Petitioner

vs.

HORNELL BREWING CO., INC.
Defendant/Respondent

May 5, 2022
Date

22SL-CC02131
Case Number

17
Division

⌐          ¬
For File Stamp Only

L          ⌐

## **REQUEST FOR APPOINTMENT OF PROCESS SERVER**

Comes now  PLAINTIFF NICHOLAS BRUNTS                                          , pursuant
                                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Joshua Lee/ Agent of Evolution Process Srvs    5333 N. Tacoma, Indianapolis, IN 46220 317-362-0316
Name of Process Server                          Address                                    Telephone

Name of Process Server                          Address or in the Alternative              Telephone

Name of Process Server                          Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
 Hornell Brewing Company, Inc.
Name                                            Name
 60 Crossways Drive W., Suite 400
Address                                         Address
 Woodbury, NY 11797
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                /S/ Daniel F. Harvath
                                                Signature of Attorney/Plaintiff/Petitioner
                                                 MO #57599
By _____/s/ Adam Dockery_____                Bar No.
    Deputy Clerk                                 75 W. Lockwood, Webster Groves, MO 63119
         5/6/2022                               Address
_____                          (314) 550-3717
Date                                            Phone No.                          Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - May 05, 2022 - 02:26 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.